18-1745-cr
*United States v. Reyes*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
REENA RAGGI,
*Circuit Judges*,
EDWARD R. KORMAN,
*District Judge.*[*]

---

UNITED STATES OF AMERICA

*Appellee,*                                                18-1745-cr

v.

DENNY REYES,

*Defendant-Appellant.*

---

FOR APPELLEE:                          NICOLE P. CATE (Abigail E. Averbach,
Julia L. Torti, Gregory L. Waples, *on the brief*), Assistant United States Attorneys, *for* Christina E. Nolan, United States

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

Attorney, District of Vermont, Burlington, VT.

**FOR DEFENDANT-APPELLANT:** BARCLAY T. JOHNSON (David L. McColgin, Michael L. Desautels, *on the brief*) Office of the Federal Public Defender for the District of Vermont, Burlington, VT.

Appeal from a May 29, 2018 judgment of the United States District Court for Vermont (Christina Reiss, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Denny Reyes ("Reyes") appeals from a May 29, 2018 judgment of conviction for aiding and abetting alien smuggling in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and for unlawful transportation of aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The District Court sentenced Reyes principally to 36 months' imprisonment on the alien smuggling charge and 10 months' imprisonment on the unlawful transportation charge, to be served concurrently. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In this appeal, Reyes claims that the District Court erred in its instructions to the jury on the alien smuggling charge because the instruction permitted the jurors to convict if they found that Reyes acted with reckless disregard of the smugglees' illegal status. Reyes argues further that the District Court abused its discretion in denying his post-trial motion to interview jurors regarding potential racial bias during their deliberations, in violation of his Sixth Amendment and Due Process rights.

## I. Jury Instructions for Aiding and Abetting Alien Smuggling

This Court reviews challenges to jury instructions *de novo*, "reviewing the charge as a whole to see if the entire charge delivered a correct interpretation of the law," and reversing "only when the error [in the instruction] was prejudicial." *United States v. Vargas-Cordon*, 733 F.3d 366, 379 (2d Cir. 2013) (internal quotation marks and citation omitted). If there was indeed an error in the instructions, we review under the harmless error standard, and will affirm a conviction "if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Botti*, 711 F.3d 299, 308 (2d Cir. 2013) (internal quotation marks and citation omitted). If the defendant did not raise an objection to an instruction before the district court, we review the challenge on appeal for plain error. *See id.* Under that standard, we may correct a "clear or

2

obvious error" – *i.e.*, an error that is "obviously wrong in light of existing law," *see United States v. Pipola*, 83 F.3d 556, 561 (2d Cir. 1996) – if the error "affected the appellant's substantial rights" and "the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings," *United States v. Prado*, 815 F.3d 93, 100 (2d Cir. 2016).

Reyes contends on appeal, as he did before the District Court, that actual knowledge of an alien's illegal status is a requisite for a conviction of aiding and abetting alien smuggling because of the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65 (2014). For the first time on appeal, Reyes further contends that this knowledge must be "advance knowledge," which we review only for plain error. *See Botti*, 711 F.3d at 308.

*Rosemond* does not warrant relief from judgment in this case. In *Rosemond*, the Supreme Court reviewed a conviction for aiding and abetting the use of a firearm in connection with a drug trafficking or violent crime. *See* 18 U.S.C. § 924(c). The Supreme Court stated that "an aiding and abetting conviction requires . . . a state of mind extending to the entire crime." *Rosemond*, 572 U.S. at 76. Thus, to be guilty of aiding and abetting a § 924(c) crime, the defendant not only had to aid the underlying drug or violent crime, but also had to do so with knowledge that another perpetrator would use a gun in connection therewith. It is that advance knowledge of the crime's *actus reus* in *Rosemond* – use of a gun in particular circumstances – that enables a defendant to make a "relevant legal (and, indeed, moral) choice" to aid its commission. *Id.* at 67; *see id.* at 77 (explaining that a defendant who "actively participates in a criminal scheme knowing its extent and character intends that scheme's commission").

The crime here is alien smuggling. A defendant is guilty of that crime if he, "knowing or *in reckless disregard* of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States . . . in furtherance of such violation of law." 8 U.S.C. § 1324(a)(2)(B)(ii) (emphasis added). As the statutory text makes clear, a principal need not have actual knowledge of a smuggled alien's illegal status to be convicted; he is equally guilty if he recklessly disregards that status. Congress thus effectively codified in § 1324(a)(2)(B)(ii) what the law generally recognizes: that the knowledge element of a crime can be satisfied by proof of actual knowledge or conscious avoidance of such knowledge. *See United States v. Ferguson*, 676 F.3d 260, 278 (2d Cir. 2011) (holding that the "government need not choose between an 'actual knowledge' and a 'conscious avoidance' theory" (citing *United States v. Kaplan*, 490 F.3d 110, 128 n.7 (2d Cir. 2007)). Nothing in *Rosemond* requires that an aider and abettor have a higher degree of knowledge than that required of the principal. Indeed – as Reyes himself recognizes – "the aider and abettor must have knowledge of each element of the crime f*or which the principal must have knowledge*." Sand et al., *Model Federal Jury Instructions*, Criminal Instruction 11-1 Commentary (emphasis added); *see also* Appellant Br. at 33 & n. 8 ("Judge Sand's *Modern Federal Jury Instructions* now expressly incorporates [the] *Rosemond* rule and specifies that the jury must find that the defendant shared the mental state required for the principal offense."). Thus,

an aider and abettor of alien smuggling, like the principal of that crime, has the requisite *mens rea* where he "kno[w]s or . . . reckless[ly] disregard[s]" the illegal status of the smuggled alien. 8 U.S.C. § 1324(a)(2)(B)(ii). Accordingly, the district court was not required to instruct the jury that it needed to find that Reyes actually knew, much less actually knew in advance, that the individuals he picked up after they crossed the U.S.-Canadian border were aliens unlawfully in this country. It sufficed for him to have aided such smuggling with reckless disregard of the aliens' status.

In any event, Reyes' urged charging error was harmless, because the parties' singular focus at trial was on Reyes' actual knowledge, and the evidence overwhelmingly proved that knowledge. Notably, in summation, the prosecution argued only Reyes' actual knowledge, never referencing reckless disregard, or any variation thereof. *See* Joint App'x 298 ("How can you be sure from all the evidence you have heard that Denny Reyes knew what was going to happen that night?"); *id.* at 300 ("[T]here's the real question: Did he really know these people were aliens?"); *id.* at 302 ("Chino knew that he was smuggling illegal aliens across the border. . . . [Reyes'] behavior tells you that he would have understood that too."). The defense, meanwhile, argued that the evidence did not "show that [Reyes] knew in advance or that he even knew when he picked [the smugglees] up that these were going to be aliens." *Id.* at 304. In this context, the District Court's instructions – incorporating language directly from *Rosemond* – adequately explained the knowledge element in telling the jury that aiding and abetting "requires . . . a state of mind extending to the entire crime" and that the jury could not convict Reyes of aiding and abetting unless it found that he participated in the smuggling scheme "knowing its extent and character." Joint App'x 76.

Moreover, the evidence at trial overwhelmingly established Reyes' actual knowledge. Undisputed evidence showed that (1) on the night when four undocumented individuals crossed the U.S.-Canada border; (2) Reyes drove an SUV to that border location; (3) the four individuals who had crossed the border immediately headed towards Reyes' vehicle; (4) when law enforcement ordered them to stop, three of the undocumented individuals entered Reyes' vehicle; and (5) Reyes sped away. Joint App'x 142, 147, 149-52, 156, 165. Further evidence showed that (6) post-arrest, Reyes admitted that he drove to Vermont to pick up persons whom he effectively described as undocumented aliens, *see id.* at 228, 243; (7) in a controlled post-arrest call to "Chino," the crime's principal, Reyes expressed no surprise about what and whom he had picked up at the border, instead telling Chino that law enforcement was going to send the persons back "because they don't have papers," *id.* at 248, 249; and (8) records demonstrated extensive phone communications between Chino and Reyes in the days leading up to the smuggling event, *id.* at 217-18, 226. On this record, we are persuaded beyond a reasonable doubt that any reasonable jury presented with this evidence

4

"would have found the defendant guilty absent [the urged charging] error." *Botti*, 711 F.3d at 308 (internal quotation marks omitted).[1] Accordingly, Reyes' instruction challenge warrants no relief.

## II.       Reyes' Post-Trial Motion to Interview Jurors

We review challenges to the denial of a motion to interview jurors for "abuse of discretion." *See United States v. Baker*, 899 F.3d 123, 130 (2d Cir. 2018). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

Based on the record before us, we cannot conclude that the District Court abused its discretion in denying Reyes' post-trial motion to interview the members of the jury. As this Court stated in *Baker*, such an inquiry is only appropriate "when there is clear, strong, substantial and incontrovertible evidence … that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant." *Baker*, 899 F.3d at 130 (internal quotation marks and citation omitted). The mere facts of Reyes' ethnicity and national origin, without more, do not lend themselves to an inference that the jurors were motivated by racial bias. And the bare assertion that "issues of race and ethnicity were front and center throughout the presentation of the evidence," by itself, is an insufficient basis to support an examination into potential racial animus by jurors. Appellant's Br. at 41. Accordingly, the District Court did not abuse its discretion in denying Reyes' post-trial motion.

---

[1] Indeed, a reasonable jury would have to conclude that Reyes' actual knowledge was "advance," because he had a "realistic opportunity to quit the crime," *Rosemond*, 572 U.S. at 78, not only when the persons who had crossed the border approached his car, but even after these persons ignored a law enforcement order to stop and, instead, entered Reyes' vehicle. Reyes could have quit the crime then by himself exiting his car or at least declining to transport the aliens from the scene. The fact that, instead, he fled the scene with aliens who had just crossed the border is strong evidence of his guilty knowledge that they were illegal aliens and that his intent was to assist in alien smuggling. *See United States v. Seabrooks*, 839 F.3d 1326, 1335 (11th Cir. 2016) (stating that "knowledge . . . arising after the initiation of the offense may be sufficient to support an aiding and abetting conviction"). On these facts, the jury could easily have found him guilty of alien smuggling as a principal, even if he acted at the direction of others.

## CONCLUSION

We have reviewed all of the arguments raised by Reyes on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 29, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk